**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Communications Workers of America
and CWA Local 7250 as the duly
chartered local of CWA,

Plaintiffs,

v.

**ORDER**
Civil File No. 00-1531

AT&T Corporation,

Defendant.

---

This matter is before the Court on Plaintiff's motion to remand this case to the Minnesota District Court, pursuant to 28 U.S. C. §1447(c). Plaintiffs Communication Workers of America (CWA) and Local 7250 are labor organizations representing Business Communications Services employees of Defendant AT&T. In May, 2000, Plaintiffs sued Defendants in Minnesota District Court, alleging violations of Minn. Stat. §181.9143. Defendants removed the matter to this court, pursuant to 28 U.S.C. §1331, 1332, 1441, and 29 U.S.C. §185(a). Plaintiffs now move this court to remand the case to state court, arguing the lack of a federal question or federal preemption, and the absence of diversity jurisdiction. Based on a review of all the files, records, and proceedings herein, the Court DENIES Plaintiffs' motion.

**Background**

The employees represented by Plaintiffs are covered by the terms of a Collective Bargaining Agreement (CBA) entered into with Defendant. The underlying case arose over a dispute concerning the payment of sick leave benefits when employees were



FEB 13 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

absent from work to care for a sick child. For the last nine years, AT&T paid employees for leave taken to care for sick children, pursuant to articles 20.02(a)(1) of the CBA. On July 1, 1999, Defendant notified Plaintiffs that it would no longer pay such benefits, because it had determined that it had "misinterpreted" the relevant state statute which had been deemed to cover such payments.

Under Minnesota law enacted in 1991, "an employee may use personal sick leave benefits provided by the employer for absences due to an illness or injury to the employee's child, on the same terms the employee is able to use sick leave benefits for the employee's own illness or injury." Minn. Stat. §181.9413(a). The relevant section of the CBA covering sick leave benefits, Article 20.02(a)(1), provides:

> Payment for full or partial days scheduled in a normal work week but not worked due to personal illness during the first seven (7) consecutive days will be paid on the following basis:
>
> a. Less than three (3) years - Pay after the second full consecutive scheduled day of work not worked due to personal illness absence.
> b. Three (3) years of service and over - Pay from and including the first full or partial scheduled day of work not worked due to a personal illness.

Defendants notified Plaintiffs that AT&T's legal counsel had determined that the Minnesota statute did not apply to AT&T employees, because the terms of the CBA did not provide for "accrued" sick time. Plaintiffs filed a grievance with AT&T management which was denied at the first two steps of review, and then referred to an arbitrator.

Plaintiffs filed Section 8(a)(5) charges with the National Labor Relations Board (NLRB), which deferred issuing a complaint on the charges until the parties had proceeded through the arbitration process. Plaintiffs then filed this action in Minnesota

state court, whereupon Defendants removed it to this court.

## Standard

28 U.S.C. § 1441 allows a defendant to remove a civil action brought in state court to federal court if the action is one over which the federal district court has original jurisdiction. The party invoking the removal statute bears the burden of establishing federal jurisdiction. Hunter v. United Van Lines, 746 F.2d 635, 639 (9th Cir. 1984), cert. den., 474 U.S. 863 (1985). Courts must strictly construe the removal statute against the party seeking removal. Id.

## Analysis

Plaintiffs argue that remand was improper because the complaint was based on claims arising under state law, and therefore federal question jurisdiction is not present. Under the "well-pleaded complaint" rule, federal question jurisdiction exists if "a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

The Supreme Court recognizes a corollary to the well-pleaded complaint rule, the "complete preemption" doctrine, which holds that in some situations the preemptive force of a federal statute is powerful enough to "convert" a complaint alleging only state law claims "into one stating a federal claim for purposes of the well-pleaded complaint rule." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987); DeSantiago v. Laborers Int'l Union of North America, Local 1140, 914 F.2d 125, 127 (8th Cir. 1990). "Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim,

and therefore arising under federal law." Humphrey v. Sequentia, 58 F.3d 1238, 1243 (8th Cir. 1995).

The doctrine of complete preemption is usually applied in the case of §301(a) of the Labor Management Relations Act of 1947 ("LMRA"). 29 U.S.C. §185(a)(1988); See Teamsters v. Lucas Flour Co., 369 U.S. 95,103-4 (1962); Caterpillar, 482 U.S. at 393. §301 states: "[s]uits for violations of contracts between an employer and a labor organization...or between any such labor organizations, may be brought in any district court of the United States...." 29 U.S.C. §185(a). The Supreme Court has held that, in order to decide if §301 of the LMRA preempts state law claims in a case involving a collective bargaining agreement, the court must evaluate if the claim itself is "inextricably intertwined with consideration of the terms of the labor contract." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985).

A state law claim may be "inextricably intertwined" with a labor contract if resolving the claim requires analysis or interpretation of the labor contract. See Lingle v. Norge Div. of Magic Chef, Inc. 486 U.S. 399, 413 (1988). The "interpretation" test is not, however, the only way to demonstrate complete preemption of the state law claim. When the "duties imposed and rights established" that are the subject of the state law claims are created by the contract itself, then the claim is "inextricably intertwined" and preemption applies. Allis-Chalmers, 471 U.S. at 217. "[§301] has been found to preempt state law claims that are "founded directly on rights created by collective-bargaining agreements."" DeSantiago, 914 F.2d at 128, quoting Caterpillar, 482 U.S. at 394. If, however, the state law claim is independent of the labor contract, it is not preempted. See St. John v. Int'l Assoc. of Machinists, Local 1010, 129 F.3d 1214, 1217

(8th Cir. 1998), quoting Lingle, 486 U.S. at 407.

In this case, the state law claim derives its power from rights and obligations established by the contract. The state statute in question, which allows an employee to use personal sick leave in order to be paid while taking time off to care for a sick child, only applies in those situations where the employment contract itself already allows for such personal sick leave. Without the terms of the contract which grant those benefits, the state law has no effect. Because the basis for Plaintiffs' complaint is dependent upon a right established by a clause in the collective bargaining agreement, the state law claim is therefore preempted by §301 of the LMRA.

Accordingly, **IT IS HEREBY ORDERED** that:

1.Plaintiffs' motion to remand this case to state court be DENIED.

Dated: 2-13, 2001.

Michael J. Davis
United States District Court Judge