**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Communications Workers of America and CWA Local 7250 as the duly chartered local of CWA,

Plaintiffs,

Civ. File No. 00-1531 (MJD/SRN)

v.

**MEMORANDUM AND ORDER**

AT&T Corporation,

Defendant.

---

This matter is before the Court on Defendant's Motion for Summary Judgment. For the reasons that follow, Defendant's motion is granted.

## BACKGROUND

The employees represented by Plaintiffs are covered by the terms of a Collective Bargaining Agreement ("CBA") entered into with Defendant. The underlying case arose over a dispute concerning the payment of sick leave benefits when employees were absent from work to care for a sick child. For the last nine years, AT&T paid employees for leave taken to care for sick children, pursuant to Article 20.02(a)(1) of the CBA. On July 1, 1999, Defendant notified Plaintiffs that it would no longer pay such benefits, because it had determined that it had "misinterpreted" the relevant state statute which had been deemed to cover such payments.

DEC 12 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Under Minnesota law enacted in 1991, "an employee may use personal sick leave benefits provided by the employer for absences due to an illness or injury to the employee's child, on the same terms the employee is able to use sick leave benefits for the employee's own illness or injury." Minn. Stat. §181.9413(a). The relevant section of the CBA covering sick leave benefits, Article 20.02(a)(1), provides:

> Payment for full or partial days scheduled in a normal work week but not worked due to personal illness during the first seven (7) consecutive days will be paid on the following basis:
>
> a. Less than three (3) years - Pay after the second full consecutive scheduled day of work not worked due to personal illness absence.
> b. Three (3) years of service and over - Pay from and including the first full or partial scheduled day of work not worked due to a personal illness.

Defendant notified Plaintiffs that AT&T's legal counsel had determined that the Minnesota statute did not apply to AT&T employees, because the terms of the CBA did not provide for "accrued" sick time. Plaintiffs filed a grievance with AT&T management which was denied at the first two steps of review, and then referred to an arbitrator.

Plaintiffs filed Section 8(a)(5) charges with the National Labor Relations Board ("NLRB"), which deferred issuing a complaint on the charges until the parties had proceeded through the arbitration process. Plaintiffs then filed the underlying action in Minnesota state court, whereupon Defendant removed it to this court. Thereafter, Plaintiffs moved to remand the matter.

On February 13, 2001, this Court issued an Order denying Plaintiff's motion. The

Court determined that:

> In this case, the state law claim derives its power from rights and obligations established by the contract. The state statute in question, which allows an employee to use personal sick leave in order to be paid while taking time off to care for a sick child, only applies in those situations where the employment contract itself already allows for such personal sick leave. Without the terms of the contract which grant those benefits, the state law has no effect. Because the basis for Plaintiffs' complaint is dependent upon a right established by a clause in the collective bargaining agreement, the state law claim is therefore preempted by §301 of the LMRA.

(See February 13, 2001, Order.) Defendant now moves for summary judgment.

**STANDARD**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219-20 (8th Cir. 1992). The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. See Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik, 47 F.3d at 957. The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. See Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, as the United States Supreme Court has stated, "summary judgment

procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327 (quotation omitted). Indeed, "[w]here the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." Mansker v. TMG Life Ins. Co., 54 F.3d 1322, 1326 (8th Cir. 1995).

**DISCUSSION**

Defendant argues that this Court's Order of February 13, 2001, is dispositive in this case. Specifically, Defendant argues that summary judgment is appropriate when preemption under Section 301 of the NLRA exists and any unresolved issues are legal rather than factual. Plaintiff opposes summary judgment on several legal grounds. Questions of Section 301 preemption, however, are often resolved on motions for summary judgement, and when preemption exists, it is appropriate to grant summary judgment. Leonardis v. Burns Int'l Sec. Serv., Inc., 808 F. Supp. 1165, 1172 (D. N.J. 1992); see also Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220-21 (1985); Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000); Oberkramer v. IBEW-NECA Serv. Ctr., Inc., 151 F.3d 752, 756-57 (8th Cir. 1998); BE&K Constr. Co. v. United Bhd. of Carpenters & Joiners of Am., AFL-CIO, 90 F.3d 1318, 1332 (8th Cir. 1996); Davis v. Johnson Controls, Inc., 21 F.3d 866, 867 (8th Cir. 1994); Platt v. Jack Cooper Transp. Co., 959 F.2d 91, 93 (8th Cir. 1992). Having already found that Plaintiff's state law claim is preempted by Section 301 of the NLRA, the Court will not

reconsider the issue. Accordingly, in this case, summary judgment is appropriate.

Furthermore, the Court does not draw the same conclusions as Plaintiffs about the impact of this decision. Plaintiffs first argue that Defendant's motion is an attempt to invalidate Minnesota's state statute. Nevertheless, as Defendant has already stated, "[it] is not trying to strike down the Minnesota statute." (Def. Mem. at 7.) Plaintiffs also contend that an arbitrator hearing a grievance by an AT&T employee could not modify the CBA by adding terms to provide paid leave for sick child care. Nevertheless, it is well established that an arbitrator may look to outside sources in interpreting a collective bargaining agreement. See Keebler Co. v. Milk Drivers Union, Local No. 471, 80 F.3d 284, 288 (8th Cir. 1996). Furthermore, the Eighth Circuit recognizes the importance of industry practice, custom, and usage. Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO v. Northwest Airlines, Inc., 858 F.2d 427, 432 (8th Cir. 1988). Accordingly, an arbitrator could consider that AT&T allowed its employees to use their own paid sick leave for the care of a sick child for the past nine years, in interpreting the parties' CBA, and Defendant appears to agree with this notion. (See Def. Mem. at 11.)

**CONCLUSION**

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Clerk Doc. No. 35) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: 12-12, 2001

Michael J. Davis
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.